# United States District Court
# Central District of California

| | |
|---|---|
| BLUE CROSS AND BLUE SHIELD OF ALABAMA, *et al.*, <br><br> Plaintiffs, <br> v. <br> UNITY OUTPATIENT SURGERY CENTER, INC., *et al.*, <br><br> Defendants. | SA CV 05-230 TJH (VBKx) <br><br> Order <br> and <br> Judgment |

The Court has considered Plaintiffs' motions for partial summary judgment against Defendants Catherine Bach and Andrew Andalibian, together with the moving and opposing papers.

To prevail on summary judgment, Plaintiffs, as the parties with the burden of proof at trial, have the initial burden to establish the essential elements of each of their claims. *Southern Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003). Usually, all inferences must be viewed in the light most favorable to

1    Bach and Andalibian. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct.
2    993, 994, 8 L. Ed. 2d 176, 177 (1962). If Plaintiffs meet their burden, then the
3    burden shifts to Bach and Andalibian to show that a triable issue regarding a material
4    fact exists. *Gasaway v. Northwestern Mut. Life Ins. Co.*, 26 F.3d 957, 960 (9th Cir.
5    1994). Bach and Andalibian may not rest upon the mere allegations or denials of her
6    or his pleading. *Gasaway*, 26 F.3d at 960.

8    Plaintiffs' evidence must be admissible at trial. *Orr v. Bank of America*, 285
9    F.3d 764, 773 (9th Cir. 2002). However, the evidence need not be presented in a
10   form that would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036
11   (9th Cir. 2003). Rather, the contents of the evidence must be admissible. *Fraser*,
12   342 F.3d at 1036.

14   Plaintiffs have established every essential element of their RICO and common
15   law fraud claims as to Bach. As Bach has not satisfied her burden of showing why
16   summary judgment should not be granted, summary judgment against her is
17   appropriate.

19   Looking at the evidence in the light most favorable to Andalibian, Plaintiffs
20   have not established any essential element of their claims against him.

22   𝔍𝔱 𝔦𝔰 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that Plaintiffs' partial summary judgment motion against
23   Bach as to the claims for RICO violations and common law fraud be, and hereby is
24   𝔊𝔯𝔞𝔫𝔱𝔢𝔡.

26   𝔍𝔱 𝔦𝔰 𝔣𝔲𝔯𝔱𝔥𝔢𝔯 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that, as to Bach, Plaintiffs' damages under their

1  RICO claim are $952,718.42, and their damages under their common law fraud
2  claim are $952,718.42.

4  **It is further Ordered** that the partial summary judgment motion against
5  Andalibian be, and hereby is **Denied**.

7  **It is further Ordered, Adjudged and Decreed** that **Judgment** be, and
8  hereby is, **Entered** in favor of Plaintiffs and against Catherine Bach in the amount
9  of $2,858,155.26, based on the trebling of $952,718.42.

11  **It is Further Ordered** that within sixty days of this Order and Judgment
12  Plaintiffs shall file a motion to dismiss their remaining claims against Bach.

14  Date:   December 17, 2010

_____
**Terry J. Hatter, Jr.**
**Senior United States District Judge**